IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMELIA JOHNSON, | No. C 11-03628 SI |
| Plaintiff, | **ORDER RE: REQUEST FOR RECUSAL** |
| v. | |
| SUTTER DELTA MEDICAL CENTER, | |
| Defendant. | |

On July 25, 2011, *pro se* and *in forma pauperis* plaintiff Carmelia Johnson filed a complaint against defendant Sutter Delta Medical Center alleging violations of the Fifth Amendment, the Fourteenth Amendment, and the Americans with Disabilities Act. Plaintiff alleges that she was discriminated against when she went to the emergency room on June 16, 2011. On August 15, defendant filed a motion to dismiss. On August 23, plaintiff filed a notice with the Court in which she requested that the assigned District Judge be recused from this case because of a pending complaint for judicial misconduct in unrelated litigation.

The two statutes that address recusal are 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 455(a) states that "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 144 states that:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Section 455 is directed to the judge and is self-enforcing on the part of the judge. *United States v. Sibla*, 624 F.2d 864, 867-68 (9th Cir. 1980). If the judge sitting on a case is aware of grounds for

recusal under Section 455, that judge has a duty to recuse himself or herself. *Id.* at 868. The Ninth Circuit applies a reasonable person test to decisions regarding disqualification. *Hamid v. Price Waterhouse*, 51 F.3d 1411, 1416 (9th Cir. 1995). A judge is only disqualified where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably questioned. *Id.*

Plaintiff refers to the complaint for judicial misconduct by name and case number. The complaint was filed by the plaintiff in *Sample v. O'Hara*, Case No. 10-5882 (N.D. Cal.). In that case, Ms. Sample filed a document accusing the Court of misconduct (1) for not recusing itself even though it had referred settlement negotiations in a prior case of Ms. Sample's, which Ms. Sample had filed against the City and County of San Francisco, to a Magistrate Judge who formerly worked for the City and County of San Francisco; and (2) for discriminating against Ms. Sample on the basis of race and disability by "sid[ing] with the white attorney against the black pro per litigant" *See* Notice of Appeal (Doc. 39), Case No. 10-5882. This Court's impartiality as to plaintiff Carmelia Johnson would not reasonably be questioned on the basis of the facts alleged in Ms. Sample's misconduct complaint, and therefore this Court is not obligated to disqualify itself.

In contrast to Section 455, Section 144 is triggered by the filing of a timely and legally sufficient affidavit, and the granting of relief under the section is expressly conditioned upon such the filing of such an affidavit. *See United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). It is for the trial judge to determine whether the affidavit is timely and sufficient. *In re Shop Television Network, Inc.*, 170 B.R. 413, 417 (C.D. Cal. 1994). Plaintiff has not filed an affidavit. Even if she had, and all of the facts alleged in plaintiff's Notice and Ms. Sample's complaint were assumed to be true, *see United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978)—that the Court discriminated against an unrelated litigant in an unrelated matter, for whatever reason—the affidavit would not be legally sufficient to support recusal because of "a personal bias or prejudice" in favor or against a party in *this* case. Because no timely and sufficient affidavit has been filed, this Court will not refer plaintiff's request to another judge.

Plaintiff's request for recusal is DENIED.  (Doc. 10.)  The deadline for plaintiff to respond to defendant's motion to dismiss is extended.  The response is now due on **Friday, September 16, 2011**.  Defendant's reply is due on **Friday, September 23, 2011**.  The September 16 hearing is VACATED, and a new hearing is set for **9:00 a.m. on Friday, September 30, 2011.**

**IT IS SO ORDERED.**

Dated: August 30, 2011

SUSAN ILLSTON
United States District Judge