**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMELIA JOHNSON, | No. C 11-03628 SI |
|     Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND** |
| v. | |
| SUTTER DELTA MEDICAL CENTER, | |
|     Defendant. | |

On September 27, 2011, defendant SUTTER DELTA MEDICAL CENTER filed a motion to dismiss this action. The motion is set for hearing on November 18, 2011. Pursuant to Civil Local Rule 7-1(b), the Court has found this matter appropriate for resolution without oral argument and VACATES the hearing. Having considered the papers submitted, and for good cause shown, defendant's motion is GRANTED. **Plaintiff has leave to file an amended complaint by December 9, 2011.**

**BACKGROUND**

On July 25, 2011, *pro se* and *in forma pauperis* plaintiff Carmelia Johnson filed a complaint against defendant Sutter Delta Medical Center, alleging violations of her Fifth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, and violation of the Americans with Disabilities Act. Doc. 1. Plaintiff alleges that during her trip to defendant's emergency room on June 16, 2011, the hospital staff discriminated against her due to her race and physical disability. On August 15, 2011 defendant filed a motion to dismiss. Plaintiff, prior to a ruling on the motion, thereafter filed a First Amended Complaint ("FAC") on September 2, 2011. Defendant then withdrew its original motion to dismiss, and on September 27, 2011, filed the instant motion to dismiss the FAC.

In her FAC, plaintiff withdrew her claims brought under § 1983 and the ADA, and now alleges only that defendant violated the Fourteenth Amendment, "under the Hills-Burton [sic] Act." FAC at 1. Plaintiff also deleted allegations of discrimination based on her disability, and now limits her claim to racial discrimination by defendant. Defendant filed a motion to dismiss the FAC, substantially similar to its original motion to dismiss, still addressing the § 1983 and ADA claims. Plaintiff has made it clear in her reply that she is no longer pursuing either of those claims, but relies only on defendant's alleged receipt of federal funding as grounds for her Constitutional claim. Pl. Opp. at 2.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Where a plaintiff is proceeding pro se, the Court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, pro se pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted). Dismissal of a pro se complaint without leave to amend is proper only if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

**DISCUSSION**

Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted. She argues that defendant violated her Fourteenth Amendment rights; however, the Fourteenth Amendment is not self-enforcing. Rather, § 5 of the Fourteenth Amendment grants Congress the power to enact legislation with the purpose of enforcing the Fourteenth Amendment. *City of Boerne v. Flores*, 521 U.S. 507, 518-519 (1997). In order to bring a claim for race discrimination in violation of the Fourteenth Amendment, plaintiff must bring a claim under 42 U.S.C. § 1983. Section 1983 allows one to bring suit against a person or entity acting under color of state law for violation of her constitutional rights. Simply alleging a violation of her Fourteenth Amendment rights is insufficient.

If plaintiff were to bring her claim pursuant to § 1983, as she did in her original complaint, she must show that defendant acted under color of state law. In order to do so, she must show that the hospital, although a private nonprofit entity, "is a willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). Plaintiff does argue that defendant is a recipient of federal funds under the Hill-Burton Act, and is therefore a state actor. *See* FAC at 2. However, defendant is not, in fact, a receiver of Hill-Burton funds.[1] Even if it were, the Ninth Circuit has held that receipt of Hill-Burton funds is insufficient for the purpose of showing a private hospital to be a state

---

[1] Defendant requests judicial notice of printed materials from the United States Department of Health and Human Services, along with its motion to dismiss, as proof that it does not receive Hill-Burton funding. Sutter Delta Medical Center is not listed in the submitted materials as a Hill-Burton obligated facility. Req. for Jud. Not. at Ex. B. The Court GRANTS defendant's request.

3

actor in the § 1983 context. *See Taylor v. St. Vincent's Hospital,* 523 F.2d 75, 77 (9th Cir. 1975); *Watkins v. Mercy Medical Center*, 520 F.2d 894 (9th Cir. 1975). Indeed, "[a] private doctor or hospital cannot be deemed a state actor merely because they are recipients of state or federal funding. Even governmental regulation and the receipt of federal funds, such as Medicare, Medicaid or Hill-Burton funds, are insufficient to establish that an otherwise private hospital or other entity acted under color of state law." *Jackson v. East Bay Hosp.,* 980 F.Supp. 1341, 1357 (N.D. Cal 1997). Therefore, even had plaintiff brought a § 1983 claim, she would need to provide some greater showing than simply alleging that defendant receives federal funding in order to sustain her claim that defendant acted under color of state law.

Plaintiff is advised that, absent a valid § 1983 or ADA claim, this Court lacks jurisdiction over the matter. Tort actions against non-state actors can be brought in state court. For further assistance, the Court refers plaintiff to the Legal Help Center, located inside the San Francisco courthouse, and reachable at (415) 782-9000 x8657.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS defendant's motion to dismiss. Plaintiff has leave to file an amended complaint by **December 9, 2011**.

**IT IS SO ORDERED.**

Dated: November 9, 2011

SUSAN ILLSTON
United States District Judge

4